FILED

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

2013 JUN 19 P 4: 50

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

CAROLE METOUR )
305 Eighteenth Avenue N.E. )
St. Petersburg, Florida 33704 )
)
)
Plaintiff, )
) Case No. 1:13 cv 744
v. )
) TSE/TCB
)
APRO INTERNATIONAL, INC. )
9081 Best Bower Court )
Vienna, VA 22182 )
)
)
Defendant. )
)

## COMPLAINT

Plaintiff Carole Metour ("Metour"), by her undersigned counsel, hereby seeks monetary and equitable relief against Defendant aPro International, Inc. ("aPro"), resulting from certain indebtedness owed by aPro to a third party lender, and paid by Metour on aPro's behalf pursuant to an assignment of Metour's account as collateral for the indebtedness. In support of this Complaint, Metour states as follows:

### Parties, Jurisdiction, and Venue

1. Metour is an adult individual domiciled in the State of Florida. Metour maintains her residence at 305 Eighteenth Avenue, NE, St. Petersburg, Florida 33704.

2. aPro is a corporation organized and existing under the laws of the State of Delaware. Upon information and belief, aPro maintains its principal place of business at 9081 Best Bower Court, Vienna, Virginia 22182.

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a), because the parties have diverse citizenship and the amount in controversy exceeds $75,000, exclusive of interest and costs.

4. Venue is proper under 28 U.S.C. § 1391 because the defendant currently resides in this district.

## General Allegations

5. aPro is a privately held company that states on its website that it specializes in providing logistical and supply chain management support.

6. On December 1, 2010, aPro executed and delivered to Regions Bank ("Regions") a Promissory Note in the amount of $250,000 (the "Note"). A genuine and complete copy of the Note is attached as Exhibit 1 and incorporated by reference herein.

7. On December 1, 2010, aPro and Metour, acting in her personal and individual capacity, executed and delivered to Regions an Assignment of Deposit Account (the "Assignment"). A genuine and complete copy of the Assignment is attached as Exhibit 2 and incorporated by reference herein.

8. Pursuant to the terms of the Assignment, Metour assigned a deposit account, owned by Metour in her personal and individual capacity, with an approximate balance of $250,000 (the "Deposit Account") to Regions as collateral for the Note executed by aPro and delivered to Regions.

9. Under the terms of the Assignment, Regions possessed the right to directly withdraw funds from the Deposit Account and apply them to the balance due under the Note upon the occurrence of an event of default under the Assignment or the Note by aPro.

10. Metour's pledge of the Deposit Account as collateral for the aPro Note was not done as a gratuity or gift to aPro.

11. aPro, by its President, Wanda Hale, acknowledged in correspondence to Metour that Metour guaranteed aPro's indebtedness to Regions.

12. Upon information and belief, the Note matured on December 1, 2012, and was not repaid by aPro on or before that date.

13. As a result, on December 20, 2012, Regions withdrew the balance held in the Deposit Account, which amounted to $250,233.89, in order to satisfy the indebtedness owed by aPro under the Note. A true and correct copy of Metour's account statement showing the withdrawal by Regions is attached hereto as Exhibit 3 and incorporated by reference herein.

14. Pursuant to the Assignment, Regions had a legal right to withdraw the balance of the Deposit Account owned by Metour if the Note was not repaid on or before December 1, 2012.

15. Upon information and belief, the withdrawal by Regions from Metour's Deposit Account repaid the entire indebtedness owed by aPro to Regions.

16. By letter dated February 13, 2013 (the "Demand Letter"), Metour, through counsel, made demand upon aPro to repay Metour a total of $252,082.84, constituting the entire amount withdrawn by Regions from the Deposit Account plus interest that had subsequently accrued at the rate set forth in the Note as of February 13, 2013. A true and correct copy of the Demand Letter is attached hereto as Exhibit 4 and incorporated by reference herein.

17. Despite the demand made in the Demand Letter, aPro refused to repay the amounts that Metour paid on aPro's behalf.

## COUNT I
### Equitable Subrogation

18. Metour restates and realleges the previous paragraphs as if fully set forth herein.

19. The withdrawal by Regions of the balance held in the Deposit Account constituted a payment made by Metour to satisfy a debt of aPro.

20. Metour had a direct legal obligation to make this payment under the terms of the Assignment, and did not make this payment as a gift to aPro.

21. aPro has refused to repay Metour the sums Metour paid to satisfy aPro's debt.

22. No injustice will be visited upon aPro or any other party by the imposition of equitable subrogation in this instance, because aPro was liable to Regions on the amount paid by Metour. Metour merely seeks to assume the legal rights of Regions against aPro under the matured Note that Metour paid on aPro's behalf.

23. Accordingly, Metour, as an equitable subrogee of the rights of Regions under the Note, is entitled to judgment against aPro in the amount of $250,233.89, representing the amount paid by Metour to Regions on aPro's behalf, plus attorneys' fees, costs, expenses, and interest under the terms of the Note.

## COUNT II
### Breach of Implied Contract / Unjust Enrichment

24. Metour restates and realleges the previous paragraphs as if fully set forth herein.

25. The payment by Metour to Regions to repay the indebtedness of aPro to Regions constituted a benefit conferred upon aPro by Metour.

26. aPro executed the Assignment and therefore had knowledge of the fact that Metour conferred a benefit upon aPro by agreeing to pledge Metour's personal assets as collateral for aPro's loan pursuant to the Assignment.

27. By virtue of receiving the Demand Letter, aPro had knowledge that Regions had withdrawn the proceeds of Metour's Deposit Account pursuant to the terms of the Assignment in order to satisfy a debt owed by aPro to Regions, and that the satisfaction of aPro's debt constituted a benefit conferred upon aPro by Metour.

28. aPro failed to respond to the Demand Letter, and refused to repay Metour the amount Metour paid on aPro's behalf, constituting a willing acceptance of the benefit conferred upon aPro by Metour.

29. Under the circumstances, it would be inequitable and unjust for aPro to retain the benefit conferred upon it by Metour.

30. Accordingly, Metour is entitled to judgment against aPro in the amount of $250,233.89, representing the amount paid by Metour to Regions on aPro's behalf, plus attorneys' fees, costs, expenses, and interest under the terms of the Note.

WHEREFORE, Metour respectfully requests that this Court:

a. Enter judgment against aPro in favor of Metour in the amount of $250,233.89, representing the amount paid by Metour to Regions on aPro's behalf, plus attorneys' fees, costs, expenses, and interest accrued since December 20, 2012, under the terms of the Note.

b. Enter an order equitably subrogating Metour to the rights of Regions under the Note, and permitting Metour to enforce the terms of the Note against aPro.

c. Grant such other relief as the Court considers just and appropriate.

Dated: June 19, 2013

                                           /s/ John G. McJunkin
                                           John G. McJunkin
                                           Virginia State Bar No. 31011
                                           McKenna Long & Aldridge LLP
                                           1900 K Street, NW
                                           Washington, DC 20006-1108
                                           Telephone: (202) 496-7312
                                           Facsimile: (202) 496-7094

                                           *Counsel for Carole Metour*